UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOHNSON,

    Plaintiff,

v.

CYNTHIA Y. TAMPKINS,

    Defendant.

Case No. 17-cv-00385-JCS

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Petitioner Michael Johnson seeks federal habeas relief under 28 U.S.C. § 2254 from his state conviction. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent Cynthia Tamkins shall file a response to the petition on or before August 14, 2017.[1]

## II. BACKGROUND

On July 16, 2014, the Superior Court of California, County of Napa, sentenced Johnson to twelve years imprisonment after he was found guilty of one count of forcible rape (Cal. Penal Code § 261, subd. (a)(2)), one count of misdemeanor battery (Cal. Penal Code § 242) as a lesser included offense; two counts of forcible penetration (Cal. Penal Code § 289, subd. (a)(1)(A)) and one count of false imprisonment (Cal. Penal Code § 236). He appealed his conviction to the California Court of Appeal, First Appellate District, Division Five. The Court of Appeal affirmed the superior court's judgment on August 25, 2015. The California Supreme Court denied review on October 28, 2015. The instant petition was filed on January 25, 2017, within a year of the date

---

[1] Petitioner, the only party yet to appear in this action, has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

on which the 90-day statutory period for filing a petition for writ of certiorari from the United States Supreme Court expired.

Johnson is presently in custody at the California Rehabilitation Center, in Norco, California.

### III. ANALYSIS

This Court may entertain a petition for writ of habeas corpus on behalf of "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Johnson asserts that the trial court violated his right to Due Process under the Fourteenth Amendment and his right to a trial by jury by instructing the jury of what he contends is a mandatory, conclusive presumption that the existence of a dating relationship between petitioner and the complainant was not sufficient to show consent. Petitioner contends the instruction unconstitutionally lowered the prosecution's burden of proof and constitutes a form of error under *Sandstrom v. Montana*, 442 U.S. 510 (1979). When liberally construed, these claims are cognizable in a federal habeas corpus action.

### IV. CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a magistrate judge jurisdiction consent or declination form on Respondent and Respondent's counsel, the Attorney General for the State of California.

2. No later than August 14, 2017, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Johnson's claims. Respondent shall file with the

answer all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If Johnson wishes to respond to the answer, he shall do so by filing a traverse with the Court within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, Respondent may file, no later than August 14, 2017, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Johnson shall file an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and Respondent shall file a reply within fifteen (15) days of the date any opposition is filed.

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: May 10, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

3